JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEVANOFF, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SOCAL WINGS LLC, et al.,<br><br>Defendants. | Case No.: SACV 14-01861-CJC(RNBx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

## I. INTRODUCTION

Plaintiffs Christopher Levanoff, Alison Diaz, Andrew Gaxoila, and Jenna Steed (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, brought this class action against Defendants SoCal Wings LLC, Matthew Dragas, SC Wings Buena Park LLC, SC Wings Aliso Viejo LLC, SC Wings Mission Viejo LLC, SC

Wings Block LLC, and Dragas Homes Inc. (erroneously sued as Dragas Homes dba the Dragas Group), (collectively, "Defendants"), in Orange County Superior Court. Defendant Dragas Homes Inc. ("Dragas Homes") removed the action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (Dkt. No. 1, Notice of Removal ["Removal Notice"].)  Before the Court is Plaintiffs' motion to remand the case back to state court.  (Dkt. No. 24 ["Pls.' Mot."].)  For the forgoing reasons, Plaintiffs' motion is GRANTED.[1]

## II. BACKGROUND

On September 28, 2011, Plaintiffs initiated this employment class action against SoCal Wings LLC, the Dragas Group, and Matthew Dragas in Orange County Superior Court alleging violations of the California Labor Code and the California Business and Profession Code.  (Removal Notice; Dkt. No. 5, App. to Removal Notice Vol. I ["App. Vol. I"] at 39.)  Plaintiffs allege, *inter alia*, that they were not provided meal and rest periods and were not paid overtime wages while employed at Buffalo Wild Wings.[2] According to the Statement of Damages later filed by Plaintiffs, the proposed class sustained damages totaling $8,160,000 as of October 22, 2012.  (Dkt. No. 9, App. to Removal Notice Vol. V ["App. Vol. V"], Exh. 212.)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for January 26, 2015 at 1:30 p.m. is hereby vacated and off calendar.

[2] Defendants are affiliated companies that own, manage, and operate various Buffalo Wild Wings locations in Southern California where Plaintiffs' proposed class members were employed.  (SAC ¶ 1.) The facts on the record indicate that all Defendants operate from and maintain their offices at 2248 Sunstates Court, Suite 101, Virginia Beach, Virginia.  (*See* Dkt. No. 27, Defs.' Opp'n to Pls.' Mot. ["Defs.' Opp'n"]; Pls.' Mot., Exhs. G, I; Dkt. No. 3 Decl. of Nikki Kavadias ISO Defs.' Notice of Removal ¶ 2.)

In December 2011, the parties stipulated to dismiss the Dragas Group without prejudice on the basis that "Dragas Group" was not a legal entity, but rather a trademarked name. (Removal Notice ¶ 4; App. Vol. I at 94; Pls.' Mot. at 2.) By May 2012, Plaintiffs amended their complaint to include Defendants SC Wings Buena Park LLC, SC Wings Aliso Viejo LLC, SC Wings Mission Viejo LLC, and SC Wings Block LLC. (Removal Notice ¶¶ 6–7.) In October 2013, Plaintiffs filed their Second Amended Complaint ("SAC") to include Dragas Homes dba the Dragas Group (later amended to be "Dragas Homes Inc.") as a named defendant. (App. Vol. V, Exh. 263 [SAC].)

In May 2014, Plaintiffs filed a motion seeking class certification. (Dkt. No. 10, App. to Removal Notice Vol. VI ["App. Vol. VI"], Exh. 276.) Defendants, all represented by the law firm of Carothers Disante & Freudenberger LLP, submitted a voluminous opposition, which included over 1,000 pages of exhibits. (Dkt. Nos. 11–13, Apps. To Removal Notice Vol. VII, Exh. 287; Vol. VIII; Vol. IX.) On August 19, 2014, however, the state court granted Plaintiffs' motion by dividing the proposed class of 1,318 individuals into eight subclasses. (Dkt. No. 17, App. to Removal Notice Vol. XIII ["App. Vol. XIII"] at 6620.)

After the state court granted Plaintiffs' motion, Dragas Homes removed the action to this Court on November 24, 2014, three years after the case was initiated and almost one year after Dragas Homes was named as a defendant. (Notice of Removal.) Dragas Homes argues that the Court has original jurisdiction under CAFA because the amount in controversy exceeds $5 million and the action involves more than 100 class members, at least one of whom is a citizen of a different state from Dragas Homes. (Notice of Removal at 5–6.) Plaintiffs subsequently filed the present motion arguing, *inter alia*, that Dragas Homes' removal was untimely and therefore, the case should be remanded back to state court. (Pls.' Mot.)

## III. ANALYSIS

A defendant may remove to federal court a civil action brought in state court but over which the federal court may exercise original jurisdiction. 28 U.S.C. §1441(a). The removal statute is strictly construed, and federal courts reject jurisdiction if there is any doubt as to whether removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The initial burden of establishing removal jurisdiction falls on the defendant. *Id.* Under 28 U.S.C. § 1332(a), a federal court can assert original diversity jurisdiction over cases that are between completely diverse parties and involve an amount in controversy that exceeds $75,000. Alternatively, CAFA provides federal jurisdiction over class actions in which the amount in controversy exceeds $5 million, there is minimal diversity between the parties, and the number of proposed class members is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

A plaintiff may file a motion to remand the case to state court within 30 days after filing of the notice of removal for "any defect other than the lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). Untimely removal is a procedural defect that may defeat removal if properly raised by the party seeking remand. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014). The time period to file a notice of removal is governed by 28 U.S.C. § 1446(b). Under § 1446(b), a defendant must remove an action within thirty days if the case stated by the initial pleading is "removable on its face." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). Where, as here, the basis for removal is not apparent from the face of the complaint, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The parties dispute when the time for removal commenced and whether the removal was timely. Dragas Homes cites to *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121 (9th Cir. 2013), and argues that, prior to October 2014, it could not determine that the amount in controversy exceeded $5 million until it recently conducted its own investigation into the damages Plaintiffs were seeking. *Roth*, 720 F.3d at 1125 (concluding that although a defendant does not have a duty to investigate, if it does conduct its own investigation and discover that the case is removable the defendant is entitled to remove the case within 30 days of discovering the information).

The facts and circumstances in this case, however, strongly suggest that Dragas Homes could have reasonably and intelligently ascertained the amount in controversy well before October 2014. While it is true that "defendants need not make extrapolation or engage in guesswork" to determine the amount in controversy, the Ninth Circuit has found that the removal statute "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Serv. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal citation and quotation marks omitted). After being served with the SAC in December 2013, Dragas Homes waited close to a year before removing the case. During this time, Defendants, all affiliated companies and represented by the same counsel, actively litigated the case, filed a voluminous opposition to Plaintiffs' motion for class certification, and had access to the state court docket. Although Plaintiffs filed their Statement of Damages prior to amending their complaint to properly add "Dragas Homes Inc.," Dragas Homes "should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth*, 720 F.3d at 1125; *see also* 28 U.S.C. § 1446(c)(3)(A) (stating that information relating to the amount in controversy in the record of the state proceeding may used to ascertain whether a case is removable). The Statement of Damages was separately filed on the state court docket and clearly outlined that the proposed class suffered *at least* $8,160,000 as of

October 22, 2012.[3]  In fact, for the purposes of showing that the amount in controversy is met under CAFA, Dragas Homes submits this exact statement in its opposition to Plaintiffs' motion to remand and argues that, at the very least, Plaintiffs are alleging damages of $8,160,000.  (*See* Defs.' Opp'n.)  In sum, the Court finds that the removal was untimely because Dragas Homes could have intelligently ascertained the amount in controversy prior to October 2014.

**IV.  CONCLUSION**

Accordingly, Plaintiffs' motion to remand is GRANTED.

DATED:	January 16, 2015

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[3] In its surreply, Dragas Homes additionally argues that the Statement of Damages was not served on its counsel, who first appeared on January 4, 2013 and now represents all Defendants.  (Dkt. No. 38.)  A later substitution of counsel, however, does not excuse counsel from becoming familiar with material pleadings previously filed on the docket, such as a statement of damages.